[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 118.]

IN RE ELECTION CONTEST OF DEMOCRATIC PRIMARY ELECTION HELD MAY 4, 1999 FOR NOMINATION TO THE OFFICE OF CLERK, YOUNGSTOWN MUNICIPAL COURT.

[Cite as *In re Election Contest of Democratic Primary Held May 4, 1999 for Clerk, Youngstown Mun. Court*, 1999-Ohio-302.]

*Elections—Contest of election—Failure to remove name from ballot after candidate withdrew—Claim that validity of election was affected—R.C. 3513.30(E)—Court of common pleas' dismissal of election contest under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted reversed and cause remanded to that court for further proceedings.*

(No. 99-1508—Submitted September 16, 1999—Decided September 29, 1999.)

APPEAL from the Court of Common Pleas of Mahoning County, No. 99 CV 1389.

_____

{¶ 1} The ballot for the May 4, 1999 Democratic Primary for the Clerk of the Youngstown Municipal Court contained the names of the following candidates: appellant, Rick Durkin; appellee, Sarah Brown-Clark; Charles Sammarone; Austin D. Kennedy; and Michelle Sexton.  On March 26, 1999, Sammarone withdrew as a candidate for the Democratic nomination as clerk and requested removal of his name from the ballot.  According to Durkin, the Mahoning County Board of Elections did not remove Sammarone's name from the absentee and voting ballots for the May 4, 1999 primary election, and the board also failed to use any alternative means to eliminate his name from the ballots and did not inform the public that any votes cast for Sammarone would be voided.

{¶ 2} Brown-Clark won the primary election with 4,849 votes, and Durkin received 4,533 votes.  Durkin claimed that Sammarone received more votes than the 316 votes that separated Brown-Clark from Durkin.

**{¶ 3}** On June 9, 1999, Durkin filed an election contest pursuant to R.C. 3515.08 in the Mahoning County Court of Common Pleas to challenge Brown-Clark's nomination. Brown-Clark filed an answer and Durkin subsequently filed an amended complaint without seeking or obtaining leave of court or the written consent of Brown-Clark.

**{¶ 4}** In his complaint and amended complaint, Durkin alleged that an election irregularity, *i.e.,* the board's failure to remove Sammarone's name from the ballot, occurred, and that this irregularity affected enough votes to affect the outcome or make unreliable and undeterminable the outcome of the election.

**{¶ 5}** After Durkin amended his complaint, Brown-Clark filed motions to dismiss. The board of elections also filed a motion to dismiss.

**{¶ 6}** A hearing on the contest was originally scheduled for June 24, but was subsequently continued to July 7. On July 7, the common pleas court commenced a trial in the case, which was adjourned to July 23 due to the death of Durkin's counsel's father. Although the record is unclear, Brown-Clark claims that the court subsequently continued the trial to July 26. Instead of proceeding with the trial, on July 27, the common pleas court granted Clark and the board's motions and dismissed the election contest for failure to state a claim upon which relief can be granted. On August 13, Durkin filed a timely notice of appeal from the common pleas court's judgment in this court pursuant to R.C. 3515.15. Durkin filed a merit brief on the same date. We granted relator's motion to expedite this appeal.

**{¶ 7}** This cause is now before the court upon an appeal as of right.

_____

*Don L. Hanni* and *J. Gerald Ingram*, for appellant.

*Donald J. McTigue*; *Bricker & Eckler L.L.P.* and *Percy Squire*, for appellee Sarah Brown-Clark.

*Carr Goodson Warner*, *A Professional Corporation*, and *P. Terrence Gaffney*, urging reversal for *amicus curiae*, The Voting Integrity Project.

_____

*Per Curiam.*

{¶ 8} Durkin asserts that the common pleas court erred in dismissing his election contest. The common pleas court concluded that Durkin's complaint failed to state a claim upon which relief can be granted. In order to dismiss Durkin's complaint for failure to state a claim upon which relief can be granted, it must have appeared beyond doubt that Durkin could prove no set of facts warranting relief, after all factual allegations of his amended complaint were presumed true and all reasonable inferences were made in Durkin's favor. *State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review* (1998), 82 Ohio St.3d 496, 497, 696 N.E.2d 1054, 1055.

{¶ 9} In his election contest, Durkin requested that the common pleas court void the results of the May 4, 1999 primary election, rule Brown-Clark ineligible to appear on the November 2, 1999 ballot as the Democratic nominee, declare the results of the primary election to be in doubt and the winner undeterminable, and order a special election. In order to prevail in an election contest, the contestor must prove by clear and convincing evidence that one or more election irregularities occurred and that the irregularity or irregularities affected enough votes to change or make uncertain the result of the election. *In re Election of Nov. 6, 1990 for the Office of Atty. Gen. of Ohio* (1991), 58 Ohio St.3d 103, 569 N.E.2d 447, syllabus.

{¶ 10} Civ.R. 12(B)(6) motions, however, merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties, *i.e.*, Ohio generally follows notice, rather than fact, pleading. *State ex rel. Williams Ford Sales, Inc. v. Connor* (1995), 72 Ohio St.3d 111, 113, 647 N.E.2d 804, 806. This case does not fall within one of the limited exceptions to the general rule requiring notice pleading. *State ex rel. Harris v. Toledo* (1995), 74 Ohio St.3d 36, 37, 656 N.E.2d 334, 335.

{¶ 11} Durkin's complaint alleged the elements of an election contest with

3

sufficient particularity to withstand dismissal under Civ.R. 12(B)(6). He alleged an election irregularity, *i.e.*, that the board of elections did not remove Sammarone's name from ballots after he withdrew from the primary election, in claimed contravention of R.C. 3513.30(E) and Secretary of State Advisory No. 96-02, and that this irregularity affected the validity of the election and altered its outcome.

**{¶ 12}** R.C. 3513.30(E) provides that when a candidate withdraws under R.C. 3513.30(B) or (D), "the board of elections *shall remove* the name of the withdrawn candidate from the ballots *to the extent practicable* in the time remaining before the election and *according to the directions of the secretary of state*." (Emphasis added.) Secretary of State Advisory No. 96-02, which construes R.C. 3513.30(E), specifies that "[i]f a certified candidate withdraws in writing prior to thirty-five (35) days before a primary or general election * * *, *a board of elections must reprint all ballots without the name of the withdrawn candidate*, or otherwise remove the name of the withdrawn candidate from existing ballots by use of stickers or another method adopted by the board." (Emphasis added.) Durkin's complaint and amended complaint alleged that the board did not comply with these provisions when it failed to remove Sammarone's name from the ballot, even though he withdrew as a candidate and requested such removal more than thirty-five days before the primary election.

**{¶ 13}** The common pleas court consequently erred in dismissing Durkin's election contest under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Significantly, the cases cited by the common pleas court to support its dismissal were both election contests in which the trial court entered final judgment following a full evidentiary hearing. *McMillan v. Ashtabula Cty. Bd. of Elections* (1993), 68 Ohio St.3d 31, 623 N.E.2d 43; *In re Election on the Issue of Zoning the Southeasterly Section of Swanton Twp.* (1982), 2 Ohio St.3d 37, 2 OBR 581, 442 N.E.2d 758. In contrast, Durkin has not been afforded a full opportunity

to meet his burden of proof here. And the common pleas court could not rely, and did not indicate that it did rely, on evidence outside the complaint in granting the Civ.R. 12(B)(6) motions and dismissing the case. *State ex rel. Keller v. Cox* (1999), 85 Ohio St.3d 279, 281, 707 N.E.2d 931, 933-934. Brown-Clark's comparable reliance on cases that were decided after a full hearing on the contest is similarly misplaced.

{¶ 14} In addition, we reject Brown-Clark's alternative contention that the common pleas court lost jurisdiction over the election contest because of its adjournments. Unlike the cases relied upon by Brown-Clark, Durkin's election-contest action was promptly scheduled within thirty days of the filing of the complaint, and prosecution of the case had commenced within thirty days of the initial adjournment. See *In re Election of Member of Rock Hill Bd. of Edn.* (1996), 76 Ohio St.3d 601, 606, 669 N.E.2d 1116, 1121; R.C. 3515.10; cf. *In re Contested Election of November 2, 1993* (1995), 72 Ohio St.3d 411, 414, 650 N.E.2d 859, 862; *Jenkins v. Hughes* (1952), 157 Ohio St. 186, 190, 47 O.O. 127, 129, 105 N.E.2d 58, 60. Further, the common pleas court never adjourned the case more than thirty days from any previous adjournment or, for that matter, from the initial date scheduled for a hearing on the contest. R.C. 3510.10 and 3510.11.

{¶ 15} In this regard, R.C. 1.14 provides:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that when the last day falls on Sunday or a legal holiday, then the act may be done on the next succeeding day which is not Sunday or a legal holiday.

"When a public office in which an act, required by law, is to be performed is closed to the public for the entire day which constitutes the last day for doing such act or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Sunday or a legal holiday as defined in this section."

**{¶ 16}** The initial date was June 24, meaning that the thirtieth day thereafter fell on Saturday, July 24 — a day in which the court was closed to the public— giving the court until Monday, July 26, to conduct the hearing. Therefore, even assuming the court adjourned to July 26, the adjournment was justified.

**{¶ 17}** Based on the foregoing, we reverse the judgment of the common pleas court and remand the cause to that court for further proceedings.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____