OPINION
{¶ 1} Plaintiff-appellant, William W. Bridge, III, appeals from the March 31, 2003 decision and April 3, 2003 judgment entry sustaining defendants-appellees', Park National Bank and Thomas J. Button's, motion to dismiss. For the reasons that follow, we reverse.
 {¶ 2} On September 27, 2002, appellant, proceeding pro se, filed a complaint in the Franklin County Court of Common Pleas alleging tortious interference with contract and seeking compensatory and punitive damages. According to the allegations in the complaint, appellant is a licensed general contractor engaged in the business of fire restoration. On November 12, 2000, the Best Western Columbus North was partially destroyed by fire. The owner of the property engaged appellant to mobilize a crew to secure the premises. Appellant and the owner then entered into a written contract to restore the premises. Defendant-appellee, Park National Bank ("Park"), which held a mortgage on the property, appointed appellee, Thomas J. Button, to oversee the restoration process. Despite full knowledge of the contract, Button attempted to impose new conditions and restrictions upon appellant, and threatened appellant with non-payment of partial progress payments if the conditions were not met. Appellees then tortiously interfered and persuaded the owner of the premises to repudiate and cancel the contract with appellant.
 {¶ 3} On November 1, 2002, appellees filed a motion to dismiss under Civ.R. 12(B)(6) contending that appellant had failed to plead all of the requisite elements of a claim for tortious interference with contract. The trial court granted the motion on the basis that the complaint lacked any allegation that appellees' alleged interference was unjustified. This appeal followed, with appellant assigning as error, the following:
I. The Court erred in sustaining Appellee's, Park National Bank, Motion to Dismiss Pursuant to Civ. R. 12(B)6.
II. The Court erred in sustaining Appellee's, Thomas J. Button, Motion to Dismiss Pursuant to Civ. R. 12(B)6.
 {¶ 4} Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143,144; Lin v. Gatehouse Constr. Co. (1992), 84 Ohio App.3d 96, 99. A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. As an appellate court, we must independently review the complaint to determine if dismissal was appropriate. McGlone v. Grimshaw (1993),86 Ohio App.3d 279, 285.
 {¶ 5} Civ.R. 12(B)(6) motions merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties, i.e., Ohio generally follows notice, rather than fact, pleading. In re ElectionContest of Democratic Primary Held May 4, 1999 for Clerk, YoungstownMun. Court (1999), 87 Ohio St.3d 118, 120; State ex rel. Williams FordSales, Inc. v. Connor (1995), 72 Ohio St.3d 111, 113. Under the Ohio Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(A). The complaint need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. Fancher v. Fancher
(1982), 8 Ohio App.3d 79, 83. "Notice pleading" under Civ.R. 8(A) and 8(E) requires that a claim concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action." DeVore v.Mutual of Omaha Ins. Co. (1972), 32 Ohio App.2d 36, 38; Welch v. FinlayFine Jewelry Corp. (Feb. 12, 2002), Franklin App. No. 01AP-508; Goodmanv. Grange Mut. Cas. Co., Franklin App. No. 02AP-198, 2002-Ohio-6971. The complaint must contain allegations from which an inference may fairly be drawn that evidences the material parts introduced at trial. Lone StarSteakhouse Saloon of Ohio, Inc. v. Quaranta (Mar. 18, 2002), Mahoning App. No. 01 CA 60. Additionally, this case does not fall within one of the limited exceptions to the general rule requiring notice pleading.
 {¶ 6} Here, under the liberal standard of notice pleading, and taking the facts of the complaint as true and construing them in appellant's favor, we find that appellant's complaint clearly places appellees on notice that appellant is alleging a claim for tortious interference with contract. The elements of a claim for tortious interference with contract are as follows: (1) the existence of a contract; (2) the wrongdoer's knowledge of the contract; (3) the wrongdoer's intentional procurement of the contract's breach; (4) the lack of justification; and (5) resulting damages. Fred Siegel Co.,L.P.A. v. Arter Hadden (1999), 85 Ohio St.3d 171, 176. In order to prove the fourth element, lack of justification, the plaintiff must show that the defendant's interference with another's contract was improper. Id. In determining whether an actor has acted improperly, the Ohio Supreme Court has stated consideration should be given to, among other things, the nature of the actor's conduct, and the actor's motive. Id. at 178.
 {¶ 7} In paragraph 15 of the complaint, appellant alleged that appellees, "with full knowledge [of the existence] of the contract between [appellant] and the owner of the premises for fire restoration, with the intent of harassing, annoying and causing unnecessary delays in [appellant's] timely performance under the terms of the contact [sic], did wrongfully, intentionally, and maliciously, tortuously [sic] interfered and persuaded and thereby induced the owner of the premises to repudiate and cancel the contract." Thus, even if appellant were required to plead operative facts with particularity as to each element of his claim, the above-quoted paragraph contains sufficient allegations of an improper motive to allege lack of justification.
 {¶ 8} Based on the foregoing, appellant's assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed and remanded.
Bowman and Klatt, JJ., concur.