[Cite as *Brown v. Schmidt*, 2016-Ohio-2864.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STEVEN S. BROWN, | : | Case No. 15CA3523 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| MATTHEW S. SCHMIDT, | : | **RELEASED: 5/4/2016** |
| Defendant-Appellee. | : | |

<u>APPEARANCES</u>:

Steven S. Brown, Youngstown, OH, pro se appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, Chillicothe, OH, pro se appellee.

Harsha, J.

**{¶1}** The Ross County Court of Common Pleas dismissed the complaint filed pursuant to R.C. 309.05 by Steven S. Brown seeking the removal of Matthew S. Schmidt as Ross County Prosecuting Attorney.

**{¶2}** Brown asserts in his second assignment of error that the trial court erred in dismissing his complaint on the basis that Brown failed to allege and establish that he is a taxpayer, thus indicating that he lacked standing to file the complaint. We agree. Nothing in R.C. 309.05 requires that a complaint seeking removal of a prosecuting attorney specifically allege that the plaintiff is a taxpayer; capacity to sue is presumed under Civ.R. 9(A). Because it did not appear beyond doubt from a review of his complaint that Brown could prove no set of facts in support of his claim, including that he was a taxpayer, the trial court erred in dismissing it for failure to state a claim upon which relief can be granted. We sustain Brown's second assignment of error. This

holding renders moot Brown's first, third, fourth, and part of his sixth assignments of error, which also challenge the trial court's dismissal of his complaint.

{¶3}   In Brown's fifth assignment of error and part of his sixth assignment of error he claims that the trial court judge erred by rejecting his affidavit requesting the judge's recusal or disqualification from presiding over his case.  Because we lack jurisdiction to review the trial court's decision, we dismiss this portion of Brown's appeal.

I. FACTS

{¶4}   Steven S. Brown filed a complaint pursuant to R.C. 309.05 requesting the removal of Ross County Prosecuting Attorney Matthew S. Schmidt for neglect and misconduct.  Brown alleged in his complaint and supporting affidavit that:  (1) he is an inmate at the state prison in Youngstown; (2) when he was an inmate at Ross Correctional Institution, crimes were committed against him by prison employees, Aramark Corporation, and an Ohio Assistant Attorney General; (3) in June 2014, he filed an affidavit in the Ross County Court of Common Pleas seeking the issuance of criminal warrants under R.C. 2935.09 against the specified individuals and Aramark; (5) in January 2015, the common pleas court issued an order referring the affidavit to the Ross County Prosecuting Attorney for investigation; (6) Schmidt notified Brown that he had referred the affidavit to the Ohio State Highway Patrol for investigation; (7) in April 2015, a state trooper picked up documents from Brown to copy and send to Schmidt; (8) when Brown asked the trooper to interview him and certain witnesses and administer a lie-detector test, the trooper told him that Schmidt had told him not to talk to Brown, investigate, or make any reports; and (9) Schmidt is knowingly and

deliberately refusing to investigate the crime committed against him and is conspiring to cover up those crimes. Brown referred to himself as a "citizen" in his complaint.

{¶5}   At the same time he filed his complaint, Brown filed an affidavit seeking the recusal or disqualification of the trial court judge, who he claimed was prejudiced against him. Brown claimed he filed his affidavit under R.C. 2701.03 and 2937.20, as well as Crim.R. 25(A) and (B).

{¶6}   The prosecutor filed a Civ.R. 12(B)(6) motion to dismiss Brown's complaint for failure to state a claim upon which relief can be granted because Brown did not allege that he was a taxpayer and thus lacked standing to seek his removal under R.C. 309.05. Brown filed a timely response in which he asserted that he is a taxpayer subject to income, property, and sales taxes and that there was no law exempting inmates from taxation.

{¶7}   The trial court denied Brown's request for recusal or disqualification. The trial court judge reasoned that the provisions Brown cited were inapplicable and that he could be fair and impartial in the proceeding. The trial court also ordered Brown to respond to the prosecutor's motion to dismiss even though he already had. Brown filed a response noting that he had already responded to the motion.

{¶8}   The trial court granted the prosecutor's Civ.R. 12(B)(6) motion and dismissed Brown's complaint after stating that Brown had not filed a response to the motion. The trial court concluded that Brown lacked standing to file the complaint to remove the prosecutor under R.C. 309.05 because he had "failed to allege and establish that he is a taxpayer." This appeal followed.

II. ASSIGNMENTS OF ERROR

{¶9}    Brown assigns the following errors for our review:

1.  THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE REFUSED TO LET THE CASE PROCEED AND DISMISSED THE CASE, IN VIOLATION OF THE 1ST AMENDMENT OF THE UNITED STATES CONSTITUTION, ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION, DUE PROCESS OF LAW CONSTITUTION OHIO ARTICLE I SECTION 16 AND CONSTITUTION OF THE UNITED STATES, AMENDMENTS V, AND FIVE [SIC], AND FOURTEEN.

2.  THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE CONCLUDED THAT THE PLAINTIFF WAS NOT A TAXPAYER AND DISMISSED FOR THAT REASON.

3.  THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE REFUSED TO CONSIDER THE PLAINTIFF'S RESPONSE TO THE APPELLEE'S MOTION TO DISMISS AND MOTION FOR RECONSIDERATION.

4.  ANY STATUTE THAT EXEMPTS ANY CITIZEN FROM REDRESS, LIKE R.C. 309.05 IS UNCONSTITUTIONAL WHEN IT EXEMPTS PRISONERS, IN VIOLATION OF DUE PROCESS OF LAW, EQUAL PROTECTION OF THE LAWS, THE 1ST AMENDMENT TO THE U.S. CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, U.S. CON. AMEND. 5 AND 14.

5.  THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE REFUSED TO RECUSE HIMSELF.

6.  THE TOTALITY OF THE DECISIONS AND ACTIONS BY JUDGE NUSBAUM SHOW VIOLATIONS OF SUBSTANTIVE DUE PROCESS IN VIOLATION OF THE U.S. AND OH CONSTITUTIONS.

### III. LAW AND ANALYSIS

#### A. Dismissal for Failure to State a Claim

##### 1. Standard of Review

{¶10}   "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint."  *Volbers–Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11.  "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief

can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Lloyd v. Robinson*, 4th Dist. Ross No. 14CA3462, 2015-Ohio-1331, ¶ 11. "Whether a complaint sufficiently sets forth a claim presents a question of law we review de novo." *Strahler v. Vessels*, 4th Dist. Washington No. 11CA24, 2012-Ohio-4170, ¶ 9.

### 2.  Law and Analysis

**{¶11}**  In his second assignment of error Brown asserts that the trial court erred when it concluded that he was not a taxpayer and dismissed his complaint for lack of standing.  Brown filed his complaint under R.C. 309.05, which provides that "[o]n complaint, in writing, signed by one or more taxpayers, containing distinct charges and specifications of wanton and willful neglect of duty or gross misconduct in office by the prosecuting attorney, supported by affidavit and filed in the court of common pleas, the court shall assign the complaint for hearing and shall cause reasonable notice of the hearing to be given to the prosecuting attorney of the time fixed by the court for the hearing." The trial court determined that Brown had failed to allege or establish that he was a taxpayer, thus necessitating the dismissal of his complaint for lack of standing.

**{¶12}**  However, Ohio is a notice-pleading state and it is only where precedent, statutes, or rules require it that there is a heightened pleading requirement mandating fact pleading.  *See, e.g., Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 12; *see generally* Klein, Darling, and Terez, 1 *Baldwin's Oh. Prac. Civ. Prac.*, Section 12:9 (Dec. 2014) ("the Ohio Rules contemplate the use of 'notice' pleading, rather than 'fact' pleading, in accord with the notice pleading

regimen created by the Federal Rules.  * * * But, in certain situations where strong public policy considerations mandate intense scrutiny, the court requires that the plaintiff plead operative facts with particularity").

{¶13}  R.C. 309.05 does contain a heightened pleading requirement insofar as "[c]omplaints under R.C. 309.05 must contain distinct charges and specifications."  *See, e.g., Woodman v. Tubbs Jones*, 103 Ohio App.3d 577, 582, 660 N.E.2d 520 (8th Dist.1995).  But nothing in R.C. 309.05 required Brown to specifically allege that he is a taxpayer; it only required that he be a taxpayer.

{¶14}  Moreover, "[i]t is not necessary to aver the capacity of a party to sue." Civ.R. 9(A); *Dot Systems, Inc. v. Adams Robinson Ent., Inc.*, 67 Ohio App.3d 475, 481, 587 N.E.2d 844 (4th Dist.1990).  Rather, "[c]apacity is presumed unless specifically alleged."  *See* Ernst, *Baldwin's Oh. Prac. Tort L.*, Section 2:70 (2d Ed.2015).

{¶15}  "Civ.R. 12(B)(6) motions * * * merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to opposing parties, *i.e.*, Ohio generally follows notice, rather than fact, pleading." *In re Election Contest of Democratic Primary Held May 4,1999*, 87 Ohio St.3d 118, 120, 717 N.E.2d 701 (1999).  Brown's complaint alleged the elements of his claim under R.C. 309.05 with sufficient particularity to give the prosecutor reasonable notice that he was seeking his removal for neglect and misconduct.

{¶16}  Therefore, dismissal under Civ.R. 12(B)(6) for failure to state a claim was not warranted because it did not appear beyond doubt that Brown could prove no set of facts in support of his claim.  Looking solely to the complaint, it is possible that Brown is a taxpayer. Consequently, the trial court erred in holding that Brown was required to

allege or establish that he was a taxpayer in his complaint to withstand dismissal under Civ.R. 12(B)(6) when neither R.C. 309.05 nor any precedent required that he do so.  We sustain Brown's second assignment of error.

{¶17}  In his first, third, fourth, and part of his sixth assignments of error Brown also attacks the trial court's judgment dismissing his complaint for failure to state a claim.  He raises several contentions, including constitutional claims.  But our sustaining of his second assignment of error renders these assignments of error moot and we need not address their merits.  App.R. 12(A)(1)(c); *Besser v. Griffey*, 88 Ohio App.3d 379, 383, 623 N.E.2d 1326 (4th Dist.1993) (reversal of dismissal of complaint rendered assignments of error moot); *see also State ex rel. Essig v. Blackwell*, 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 34, quoting *State ex rel. DeBrosse v. Cool*, 87 Ohio St.3d 1, 7, 716 N.E.2d 1114 (1999) (" 'courts decide constitutional issues only when absolutely necessary' ").

## B.  Recusal or Disqualification of Trial Court Judge

{¶18}  In his fifth and part of his sixth assignments of error Brown asserts that the trial court judge erred in denying his request that the judge recuse or disqualify himself because of bias.  Because a court of appeals lacks jurisdiction to review these decisions, we dismiss this portion of Brown's appeal.  *See State ex rel. Hough v. Saffold*, 131 Ohio St.3d 54, 2012-Ohio-28, 960 N.E.2d 451, ¶ 2; *Beer v. Griffin*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978) ("Since only the Chief Justice or [the chief's] designee may hear disqualification matters, the Court of Appeals was without authority to pass upon disqualification or to void the judgment of the trial court upon that basis"); *Citizen of Hocking Cty. v. Ohio Power Co.*, 4th Dist. Hocking No. 11CA24, 2012-Ohio-

4985, ¶ 20 ("we lack jurisdiction to consider [appellant's] argument that the trial court

erred when it failed to grant her motion for recusal").

## IV. CONCLUSION

**{¶19}** The trial court erred in dismissing Brown's complaint to remove the

prosecuting attorney for neglect and misconduct.  Having sustained Brown's second

assignment of error, we reverse the judgment of the trial court and remand the cause for

further proceedings.  We dismiss that portion of Brown's appeal challenging the trial

court's decision denying his request that the judge recuse or disqualify himself.

JUDGMENT REVERSED
AND CAUSE REMANDED.
APPEAL DISMISSED IN PART.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  The APPEAL IS DISMISSED IN PART.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:  Concurs in Judgment and Opinion.
McFarland, J.:  Dissents.


For the Court


BY:  _____
       William H. Harsha, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**