[Cite as *Alford v. Collins-McGregor Operating Co.*, 2016-Ohio-5082.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| LINDA GRIFFITH ALFORD, ET AL., | : | Case No. 16CA9 |
| Plaintiffs-Appellants, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| COLLINS-MCGREGOR OPERATING CO., ET AL., | : | |
| | | **RELEASED: 7/15/2016** |
| Defendants-Appellees. | : | |

<u>APPEARANCES</u>:

Sean R. Scullin, Scullin & Cunning, LLC, Boardman, Ohio, for appellants.

Bruce Smith, Geiger Teeple Robinson & McElwee, PLLC, Alliance, Ohio, for appellees.

Harsha, J.

{¶1}    Several owners sought a judgment declaring an oil and gas lease for their property no longer effective below the Gordon Sand formation because the lessee had not developed the resource past that depth.  In effect, the landowners requested the partial forfeiture of the oil and gas lease below that horizontal depth.  The trial court granted the motion of the lessee and well operators to dismiss the landowners' complaint for failure to state a claim upon which relief can be granted.

{¶2}    In their three assignments of error the landowners argue that the trial court ignored precedent recognizing partial forfeiture of oil and gas leases for breach of implied covenants, including the implied covenant to reasonably develop the property.  But none of the cases they cite have recognized horizontal forfeiture, i.e., forfeiture of those formations below a certain depth.  And those state courts that have expressly addressed the issue, including this one, have rejected it by holding that under language

similar to that of this lease, production of oil or gas from shallow wells held all depths of the property and did not breach the duty to reasonably develop the property. Although advances in drilling techniques may warrant changes to the reasonably prudent operator standard, we decline to reject our recently issued precedent on this issue. We overrule the landowners' assignments of error and affirm the judgment of the trial court.

## I. FACTS

{¶3} Linda Griffith Alford, George Alford Jr., Bershelle Alford Giambattista, Joseph Alford, Judith Hanlon Farnsworth, Donna R. Hanlon, and James C. Futzler ("landowners"), filed an amended complaint against Collins-McGregor Operating Company ("Collins-McGregor"), Winston Oil Company ("Winston Oil"), and Darrell R. Cline in the Washington County Court of Common Pleas. The landowners alleged they own an interest, in varying proportions, in two parcels of real property in Washington County consisting of a total of approximately 74 acres. The property is subject to an oil and gas lease executed in September 1980 by the then-landowners and Collins-McGregor. The landowners leased the property to Collins-McGregor "for the sole and only purpose of mining and operating for oil and gas * * *."

{¶4} The lease provided that it "shall remain in force for a term of <u>One (1)</u> years from date, and as long thereafter as oil or gas, or either of them, is produced from said land by the lessee." The lease did not disclaim implied covenants and it did not require a certain amount of wells or separate, restrict, or reserve shallow and deep rights.

{¶5} In September 1981, Collins-McGregor completed a well, which has produced oil and/or gas in paying quantities from the property through 2014. According

to the landowners, however, the well does not produce oil or gas from depths below the Gordon Sand formation.

{¶6}    Collins-McGregor and Winston Oil are the current owners and operators under the lease, subject to the landowners' royalty interest and to Cline's overriding royalty interest.  The landowners claimed that although exploration and production of oil and gas from depths below the Gordon Sand formation is occurring near their property, Collins-McGregor and Winston Oil lack the equipment or capital necessary to explore or produce from depths below the Gordon Sand formation, e.g., the Marcellus and Utica formations.

{¶7}    The landowners requested a judgment:  (1) finding that there had been no oil or gas production from depths below the Gordon Sand formation; (2) finding that there had been no operations for production from depths below the Gordon Sand; (3) that the lease had expired for depths below the Gordon Sand; (4) that Collins-McGregor and Winston Oil breached some or all of the implied covenants in the lease as to depths below the Gordon Sand; and (5) quieting title in the landowners' favor for depths below the Gordon Sand.

{¶8}    Collins-McGregor and Winston Oil filed a Civ.R. 12(B)(6) motion to dismiss the landowners' complaint for failure to state a claim upon which relief can be granted.  They argued that Ohio does not recognize a claim for horizontal forfeiture of an oil and gas lease.  After the landowners filed a response in opposition, the trial court granted the motion and dismissed the complaint.  The court held that "[t]he undisputed production from the well that exists on the seventy-four (74) acre parcel holds all acres and depths."  This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶9}   The landowners assign the following errors for our review:

1. THE TRIAL COURT ERRED IN FINDING THAT PRODUCTION FROM A WELL ALWAYS HOLDS ALL ACRES AND DEPTHS OF AN OIL AND GAS LEASE.

2. THE TRIAL COURT ERRED BY FINDING THAT THE OIL AND A GAS LEASE AT ISSUE IS NOT SUBJECT TO PARTIAL TERMINATION.

3. THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' AMENDED COMPLAINT PURSUANT TO CIV.R. 12(B)(6).

## III. STANDARD OF REVIEW

## AND GENERAL PRINCIPLES

{¶10}   "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.*" Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Lloyd v. Robinson*, 4th Dist. Ross No. 14CA3462, 2015-Ohio-1331, ¶ 11. " 'Whether a complaint sufficiently sets forth a claim presents a question of law we review de novo.' " *Brown v. Schmidt*, 4th Dist. Ross No. 15CA3523, 2016-Ohio-2864, ¶ 10, quoting *Strahler v. Vessels*, 4th Dist. Washington No. 11CA24, 2012-Ohio-4170, ¶ 9.

{¶11}   This case involves the interpretation of a written contract, which usually is a matter of law also requiring de novo review. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 14, quoting *Saunders v. Mortensen*, 101 Ohio St.3d

86, 2004-Ohio-24, 801 N.E.2d 452, ¶ (" '[t]he construction of a written contract is a matter of law that we review de novo' "). Our role is to ascertain and give effect to the intent of the parties, which is presumed to lie in the contract language. *Arnott* at ¶ 14. "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph two of the syllabus, superseded by statute on other grounds; *Harding v. Viking Internatl. Resources Co., Inc.*, 2013-Ohio-5236, 1 N.E.3d 872, ¶ 12 (4th Dist.).

{¶12} In our context, "[t]he rights and remedies of the parties to an oil or gas lease must be determined by the terms of the written instrument" and "[s]uch leases are contracts, and the terms of the contract with the law applicable to such terms must govern the rights and remedies of the parties." *Harris v. Ohio Oil Co.*, 57 Ohio St. 118, 129, 48 N.E. 502 (1897); *Harding* at ¶ 11; *Bohlen v. Anadarko E & P Onshore, LLC*, 4th Dist. Washington App. No. 14CA13, 2014-Ohio-5819.

IV. LAW AND ANALYSIS

{¶13} The landowners' assignments of error collectively challenge the dismissal of their amended complaint. They claim that the trial court erred in holding that production from a well holds all acres and depths of an oil and gas lease. They also argue the court erred in not finding that the lease was subject to partial forfeiture for the deep rights beyond the Gordon Sand formation based on the lessees' breach of the lease's implied covenants by failing to explore and produce oil or gas from depths below that formation.

{¶14} As general propositions the landowners are correct that production from a well does not necessarily hold all acres of the lease, and there are several implied warranties associated with oil and gas leases, absent a valid disclaimer.

{¶15} "Since the 1800s, courts have recognized the existence of implied covenants in oil and gas leases." *Yoder v. Artex Oil Co.*, 5th Dist. Guernsey No. 14 CA 4, 2014-Ohio-5130, ¶ 45, citing Hall, *The Application of Oil & Gas Lease Implied Covenants in Shale Plays:  Old Meets New*, 32 Energy & Min.L.Inst. (2011).  "The most commonly recognized implied covenants are the covenant to drill a test well, the covenant to reasonably develop, the covenant of further exploration, the covenant to protect against drainage, the covenant to diligently market, and the covenant to restore the surface." *Id.*   The Supreme Court of Ohio "has long adhered to the principle that absent express provisions to the contrary, a mineral lease includes an implied covenant to reasonably develop the land." *Ionno v. Glen-Gery Corp.*, 2 Ohio St.3d 131, 132, 443 N.E.2d 504 (1983).  Forfeiture of an oil and gas lease may be an appropriate remedy, under limited circumstances, for a breach of an implied covenant.  *Hoop v. Kimble*, 7th Dist. Harrison No. 14 HA 9, 2015-Ohio-2110, ¶ 15.

{¶16} In Ohio, "[w]here certain causes of forfeiture are specified in an oil and gas lease, others cannot be implied.  Under such a lease, the remedy for a breach of an implied covenant, without more, is damages, and not forfeiture of the lease, in whole or in part." *Beer v. Griffith*, 61 Ohio St.2d 119, 399 N.E.2d 1227 (1980), paragraph two of the syllabus, approving and following *Harris*, 57 Ohio St. 118, 48 N.E. 502, at paragraphs two and three of the syllabus.  Nevertheless, "[w]here legal remedies are inadequate, forfeiture or cancellation of an oil and gas lease, in whole or in part, is an

appropriate remedy for a lessee's violation of an implied covenant." *Beer* at paragraph four of the syllabus; *see also Core v. Samurai Corp.*, 2015-Ohio-5437, __ N.E.3d __, ¶ 14 (7th Dist.).

**{¶17}** Consequently, depending on the facts and circumstances, the remedy of partial forfeiture of an oil and gas lease may be an appropriate remedy for the breach of an implied covenant.  For example, in *Beer*, the Supreme Court of Ohio affirmed the partial forfeiture of an oil and gas lease for a lessee operating only one well on a 150-acre leasehold because of a breach of the implied covenant to reasonably develop the land.  The court held that the lessee's breach forfeited all but the 40-acre tract associated with its producing well. In light of significant further efforts necessary to develop the resources and the amount of unexploited acreage, the trial court reasoned the lessee's financial and operating difficulties would render a mere damage award inadequate; thus "forfeiture of lessee's interest is warranted in order to assure the development of the land and the protection of lessor's interests."  *Id.*, 61 Ohio St.2d at 122, 399 N.E.2d 1227.

**{¶18}** Nevertheless, none of the cases cited by the landowners address the availability of partial forfeiture as a remedy for horizontal, as opposed to vertical, property.  And the landowners' action here expressly sought relief declaring that the depths below the Gordon Sand formation were unencumbered by the oil and gas lease because of the lessees' breach of the implied covenants to reasonably explore and develop that horizontal portion of the leasehold.

**{¶19}** In *Marshall v. Beekay Co.*, 2015-Ohio-238, 27 N.E.3d 1 (4th Dist.), we recently addressed this issue, albeit it the context of an assignment of the lessees'

shallow rights.  In *Marshall* the landowners sought the partial horizontal termination of

the deep rights of oil and gas leases based on the lessees' failure to produce oil or gas

in areas below the Germantown Sand formation, notwithstanding the continued

production of 15 shallow wells.  Based upon several cases, including *Popa v. CNX Gas

Co., LLC*, N.D. Ohio No. 4:14CV143, 2014 WL 3749415 (July 20, 2014), and *Clark v.

Wolfcale*, 5th Dist. Ashland No. CA-648, 1977 WL 201058 (June 2, 1977), we held there

was "no authority" to support a partial forfeiture of the deep, i.e., horizontal, rights of the

leasehold.  *Marshall* at ¶ 21.  We further held that the deep-rights lessees did not

breach the implied covenant to reasonably develop the property because "there was no

duty to further develop as long as gas and oil were being found in paying quantities" in

the shallow part of the leasehold.  *Id.* at ¶ 23.

{¶20}  Similarly, in *Clark*, the Fifth District Court of Appeals rejected landowners'

attempt to declare an oil and gas lease abandoned horizontally below the Berea Sands

formation. The court determined that Ohio law has not recognized this type of partial

forfeiture or abandonment:

> What this appeal boils down to is an ingenius [sic] attempt to find a way to
> get out from under an old oil and gas lease which in the light of changed
> circumstances respecting the price of oil is now economically
> disadvantageous' [sic] to the land owner.  However ingenuously [sic] this
> argument has been developed and how resourcefully it has been
> researched and how strenuously it has been urged, it is totally without
> support in Ohio law and this court declines to blaze the trail.

*Id.* at *3.

{¶21}  Although the landowners attempt to half-heartedly assert that our decision

in *Marshall* "appears to be limited to its facts," we find it to be directly applicable here.

Like the granting clause in the lease in *Marshall*, the granting clause in the oil and gas

lease here "does not contain terms limiting the depth or formation, [so] the rights are granted to all depths." *See K & D Farms, Ltd. v. Enervest Operating, L.L.C.*, 5th Dist. Stark No. 2015CA00038, 2015-Ohio-4475, ¶ 29, citing *Marshall.* And as in that case, the lessees' continuous production of oil and gas in paying quantities in the shallow area of the leasehold (the Gordon Sand formation) held the depths below that formation.

{¶22} The landowners cite no Ohio case, and offer no persuasive out-of-state authority, for modifying our current precedent to permit the requested partial horizontal forfeiture of oil and gas leases. Our own limited legal research reveals that this is a complex, evolving issue with no easy answer. *See* Burford, *Legal Issues Involving Private Rights in Appalachia*, 12 E.Min.L.Found. Section 21.04 (1991) ("Even though horizontal wells cost more than twice as much as a traditional well, one horizontal well can 'tap five times the amount of reserves' of a conventional vertical well. The ability of horizontal wells to increase production and reserves holds the potential to set a new standard for the covenant of reasonable development"); Porter Wright Morris & Arthur, LLP, *Implied Covenants may require mineral lessees to develop deep rights* (July 10, 2012), http://www,lexology.com (accessed June 16, 2016) ("until Ohio shale resources are proven and horizontal drilling or other advanced technologies are widely accepted in Ohio, the standard for what constitutes 'reasonable development' and 'reasonable diligence' under a mineral lease will not change. Lessees still have time to protect themselves by either exploring and developing deep rights on their own or by entering into farm-out agreements or similar arrangements with other operators to share the costs of these activities"). In the absence of persuasive authority to the contrary and

because current precedent does not recognize the availability of partial horizontal forfeiture of oil and gas rights in Ohio, we agree with the trial court that it appeared beyond doubt that the landowners could prove no set of facts entitling them to their requested relief.   Consequently, we overrule the landowners' assignments of error.

## V. CONCLUSION

**{¶23}**  The trial court correctly granted the lessees' motion and dismissed the landowners' complaint seeking partial forfeiture of the oil and gas lease for the depths below the Gordon Sand formation.  Having overruled the landowners' assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
        William H. Harsha, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**