[Cite as *State v. Eberhart*, 2014-Ohio-3259.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case Nos. 26045 |
| | : | 26046 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Nos. 13-TRD-4313 |
| v. | : | 13-TRD-3776 |
| | : | |
| JASON A. EBERHART | : | (Criminal Appeal from |
| | : | Miamisburg Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of July, 2014.

. . . . . . . . . . .

CHRISTINE L. BURK, Atty. Reg. #0050559, 10 North First Street, Miamisburg, Ohio 45342
        Attorney for Plaintiff-Appellee

JASON A. EBERHART, 9477 Eastbrook Drive, Miamisburg, Ohio 45342
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Jason A. Eberhart appeals pro se from his conviction and sentence in two related cases for failing to display a license plate on his car, both misdemeanor violations of R.C. 4503.21.

{¶ 2}    In his sole assignment of error, Eberhart challenges the trial court's personal

jurisdiction over him.

{¶ 3} The record reflects that police twice observed Eberhart driving on a public road without a license plate on his car. One incident occurred in Miamisburg. The other occurred in Miami Township. On each occasion, a police officer stopped Eberhart and issued him a traffic citation. Each citation charged a violation of R.C. 4503.21. Each citation also bore the signature of the issuing officer, summoned Eberhart to appear in Miamisburg Municipal Court, and stated that the issuing officer personally had served it on Eberhart.

{¶ 4} At his arraignment, Eberhart refused to enter a plea and challenged the trial court's personal jurisdiction. The trial court found that it had jurisdiction and entered a not-guilty plea on his behalf. Eberhart subsequently filed a motion in which he again contested the trial court's jurisdiction over him. Therein, he identified himself as a "common-law citizen" and claimed, among other things, that he was domiciled in Ohio but was not a resident of this state. The trial court overruled the motion, concluding that it possessed both personal and subject-matter jurisdiction. The issue of jurisdiction arose again at Eberhart's December 2, 2013 bench trial on the two charges. At that time, Eberhart made clear he was not contesting territorial or subject-matter jurisdiction. Rather, he was challenging only the trial court's personal jurisdiction. The trial court rejected his argument, and the case proceeded. Based on the testimony of the officers who had issued the citations, the trial court found him guilty on both charges of failing to display a license plate. The trial court sentenced Eberhart accordingly, and he timely appealed.

{¶ 5} Eberhart's assignment of error states: "The Trial Court erred in finding the appellant guilty because the Trial Court incorrectly proceeded as an administrative hearing. There was no evidence to conclude that there was a civil breach, there was no corpus delicti, and

therefore no crime had been committed, it was solely an administrative proceeding where the judge was acting outside of a judicial capacity."

{¶ 6} Despite the foregoing language, the body of Eberhart's appellate brief plainly challenges the trial court's personal jurisdiction. He contends the trial court "failed to acknowledge" his jurisdictional argument and failed to require proof of personal jurisdiction. We are unpersuaded. The record reflects that Eberhart resided in the Miamisburg area. He committed one offense in Miamisburg and the other in Miami Township. More importantly for present purposes, the officers who observed him driving without a license plate both personally served him with a complaint and summons in the form of a uniform traffic ticket. *See* Traf.R. 3(A) ("In traffic cases, the complaint and summons shall be the 'Ohio Uniform Traffic Ticket[.]'"). Service of these tickets on Eberhart gave the Miamisburg Municipal Court personal jurisdiction over him. *See*, *e.g.*, *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984) (recognizing that personal jurisdiction may be acquired by service of process on a defendant); *State v. Gunnell*, 10th Dist. Franklin No. 13AP-90, 2013-Ohio-3928, ¶ 10 (observing that service of a complaint and summons in the form of a traffic ticket gives a municipal court personal jurisdiction); *Cleveland v. Kutash*, 8th Dist. Cuyahoga No. 99509, 2013-Ohio-5124, ¶ 11 ("Personal jurisdiction goes to the court's authority to render judgment against a party to an action. In contrast to subject-matter jurisdiction, which is conferred by statute, the court * * * acquires personal jurisdiction over the defendant when * * * service of process is completed over the defendant[.]"); *State v. Zipfel*, 6th Dist. Wood No. WD-89-45, 1990 WL 71574 (June 1, 1990) ("Appellant was charged with violations of both state and municipal laws and properly served with notice of these offenses by the issuance of traffic citations (summons). * * * Therefore, the

municipal court had personal jurisdiction over the person of the appellant.").

{¶ 7} Eberhart's assignment of error is overruled. The judgment of the Miamisburg Municipal Court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Christine L. Burk
Jason A. Eberhart
Hon. Robert W. Rettich, III