[Cite as *State v. Williams*, 2017-Ohio-8022.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### CRAWFORD COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                         CASE NO. 3-17-05

     v.

MARCUS E. WILLIAMS,                      O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 15-CR-0343

**Judgment Affirmed**

**Date of Decision: October 2, 2017**

APPEARANCES:

     *Marcus E. Williams*, Appellant

     *Robert J. Kidd* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Marcus Williams ("Williams"), brings this appeal from the April 5, 2017, judgment of the Crawford County Common Pleas Court denying his petition for post-conviction relief.

*Relevant Facts and Procedural History*

{¶2} On October 27, 2015, Williams was indicted on 24 counts of Pandering Sexually Oriented Matter Involving a Minor in violation of R.C. 2907.322(A)(5), all felonies of the fourth degree. On that same date another indictment was filed against Williams alleging 56 counts of Illegal Use of a Minor in Nudity Oriented Material or Performance in violation of R.C. 2907.323(A)(3), all felonies of the fifth degree. The record indicates that there was a third, separate indictment pending against Williams involving charges of Importuning, Disseminating Matter Harmful to Juveniles and Possessing Criminal Tools.

{¶3} On April 14, 2016, Williams filed a motion to suppress and/or in limine, seeking to suppress evidence obtained from the warrantless search and seizure of his alleged property. On June 2, 2016, Williams filed a second motion to suppress seeking to suppress statements he made during police interviews.

{¶4} On June 29, 2016, Williams entered into a written negotiated guilty plea wherein he agreed to plead guilty to 24 counts of Pandering Sexually Oriented Material Involving a Minor in violation of R.C. 2907.322(A)(5), all felonies of the

fourth degree. In exchange, the State agreed to dismiss all the remaining counts against Williams in all cases. In addition, the parties also jointly recommended that Williams "will be sentenced on Counts I-X to 1 year on each count to be served consecutive to each other for a total of TEN (10) years prison and on Counts XI-XXIV ONE (1) year on each count to be concurrent (with each other and with) * * * Counts I-X. Defendant shall receive jail time credit."

{¶5} After conducting a Crim.R. 11 colloquy with Williams, the trial court accepted Williams's guilty pleas, found Williams guilty and sentenced him to the jointly recommended sentence. Williams did not file a direct appeal to this Court.

{¶6} On December 2, 2016, Williams filed a timely petition for post-conviction relief arguing that the State conducted a warrantless search of his property and that the State conducted improper, warrantless surveillance of him.

{¶7} On December 8, 2016, Williams filed an "amendment" to his post-conviction petition, adding an argument that the State violated his right against self-incrimination.

{¶8} On February 24, 2017, the State filed a motion for summary judgment arguing that Williams had failed to state grounds for post-conviction relief.

{¶9} On February 27, 2017, Williams filed his own Motion for Summary Judgment, arguing that he should be granted judgment in his favor.

{¶10} On March 6, 2017, Williams filed a response to the State's motion for summary judgment.

{¶11} On April 5, 2017, the trial court filed its entry in the matter, ultimately denying Williams's petition. The trial court determined that Williams could have filed a direct appeal of his conviction but he chose not to, and that Williams's guilty plea obviated his ability to argue the matters he was presenting in his post-conviction petition. The trial court also found no ineffective assistance of counsel, to the extent that Williams was arguing that issue. The trial court concluded that Williams's claims were meritless, and his petition was overruled.

{¶12} It is from this judgment that Williams appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred in denying petition to exclude evidence obtained through unconstitutional warrantless electronic surveillance.**

**Assignment of Error No. 2**
**The trial court erred in denying appellant's petition contending that an agent of the Ohio Bureau of Criminal Identification and Investigation (BCI) was not empowered by statute to investigate in the circumstances present at the beginning of the investigation.**

**Assignment of Error No. 3**
**The trial court erred in denying appellant's petition asserting that the investigation was carried out under Ohio statutes, or interpretations of such statutes, that violate the Constitutions of the United States and the State of Ohio as well as Federal law.**

**Assignment of Error No. 4**
**The trial court erred in denying appellant's petition that included an assertion stating evidence of offenses was obtained through electronic surveillance when Ohio statutes do not include as "designated offenses" the offenses that were being investigated.**

**Assignment of Error No. 5**
**The trial court erred in denying appellant's petition seeking suppression of evidence obtained by coercing him into unknowingly surrendering his constitutional rights.**

{¶13} Due to the nature of the disposition, we elect to address all of the assignments of error together.

*First*, *Second*, *Third*, *Fourth*, and *Fifth Assignments of Error*

{¶14} On appeal, Williams makes a number of arguments contending that the trial court erred by denying his petition for post-conviction relief. He claims multiple suppression-related issues and he argues that there were multiple defects in the investigation of him.

{¶15} At the outset, we note that Williams entered into a jointly recommended sentence, which severely limited his rights on appeal given that the jointly recommended sentence was imposed by the trial court pursuant to R.C. 2953.08. Notwithstanding this fact, Williams pled *guilty* to 24 counts of Pandering Sexually Oriented Matter Involving a Minor. His guilty plea affirmatively waived any non-jurisdictional defects, particularly the many suppression and investigation-

related issues that he now argues.[1] *State v. Moldonado*, 6th Dist. Lucas No. L-03-1166, 2004-Ohio-3001, ¶ 6. This was made perfectly clear to Williams during his Crim.R. 11 dialogue with the trial court, wherein the trial court informed Williams that his guilty plea and the agreed sentence left him with "very limited" appellate rights. (June 29, 2016, Tr. at 12).

**{¶16}** Furthermore, all of the claims made by Williams are arguments that could have been raised on a direct appeal but were not and as such they are barred by the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175 (1967) ("Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."). Accordingly, Williams's assignments of error are not well-taken, and they are all overruled.

---

[1] Williams actually had two suppression motions pending at the time he entered his guilty pleas.

*Conclusion*

{¶17} For the foregoing reasons Williams's assignments of error are overruled and the judgment of the Crawford County Common Pleas Court is affirmed.

***Judgment Affirmed***

**PRESTON, P.J. and ZIMMERMAN, J., concur.**

**/jlr**