[Cite as *Messenger v. Marion Cty. Prosecutor's Office*, 2020-Ohio-851.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

CHAD A. MESSENGER,

      CASE NO. 9-19-62

    PLAINTIFF-APPELLANT,

    v.

STATE OF OHIO, MARION COUNTY
PROSECUTOR'S OFFICE, PROSECUTOR-    O P I N I O N
BRENT W. YAGER, ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Marion County Common Pleas Court
Trial Court No. 2018CV0142

**Judgment Affirmed**

**Date of Decision:  March 9, 2020**

APPEARANCES:

    *Chad A. Messenger* **Appellant**

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Chad A. Messenger ("Messenger") appeals the final judgment and several interlocutory orders issued by the Marion County Court of Common Pleas. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On October 6, 2010, Messenger was arrested by the police. Doc. 1. At the time of his arrest, he had $3,536.00 in cash on his person. Doc. 1. The police seized these funds and stored them at the police station. Doc. 1. On October 7, 2010, the police released these funds to Christie Harrah ("Harrah"), who was, at that time, Messenger's wife and the victim of the offense for which Messenger had been arrested. Doc. 1. While in prison, Messenger sent his mother to obtain his funds from the police on January 24, 2012. Doc. 1. The police informed his mother that these funds had already been released to Harrah. Doc. 1. At this time, Messenger became aware that the police did not retain his $3,536.00.

{¶3} In 2013, Messenger filed Case No. 2013-CV-0473 to obtain these funds. Doc. 1. According to a copy of the judgment entry that was attached to Messenger's complaint, the trial court determined that the property officer at the Marion Police Department erred by releasing Messenger's funds to Harrah. Doc. 1. However, the trial court determined that the property officer was immune from liability because she acted within the scope of her employment and without

malicious purpose. Doc. 1. The trial court then entered a judgment against Harrah for $3,563.00. Doc. 1.

{¶4} On March 6, 2018, Messenger filed a complaint *pro se* with the trial court that named, as defendants, the former Marion County Prosecutor, Brent Yager ("Yager"); the Marion County Prosecutor's Office ("the Prosecutor's Office"); the Office of the Law Director, City of Marion ("the Law Director's Office"); and the Assistant Law Director, Jason D. Warner ("Warner"). Doc. 1. Messenger appears to have named Yager as a party because Yager had been involved in Messenger's criminal prosecution. Doc. 1. However, Yager had passed away on October 3, 2017. Doc. 52, Ex. B. In his complaint, Messenger requested a declaratory judgment against his criminal conviction. Doc. 1. He also sought $6,000.00 in punitive damages and $3,536.00 in compensatory damages from the named defendants. Doc. 1.

{¶5} Both the Law Director's Office and the Prosecutor's Office filed motions to dismiss. Doc. 12, 17. On September 5, 2018, the trial court dismissed the claims against the Prosecutor's Office and the Law Director's Office. Doc. 20. However, the trial court found that Messenger raised claims against Warner and Yager individually. Doc. 20. The trial court did not dismiss the claims brought against Yager or Warner, finding that these issues and claims had not been litigated in Case No. 2013-CV-0473. Doc. 20.

{¶6} On June 19, 2019, Messenger filed a motion seeking recusal of the judge in this case. Doc. 58. Messenger argued that the judge should not preside over this case because this judge had previously presided over Messenger's criminal trial. Doc. 58. On July 19, 2018, the Chief Justice of the Supreme Court of Ohio denied Messenger's affidavits of disqualification. Doc. 65.

{¶7} On September 18, 2018, Warner filed a motion to dismiss. Doc. 21. The trial court granted Warner's motion to dismiss on December 27, 2018. Doc. 29. At this point, Yager was the only party remaining in this litigation. On March 1, 2019, the Prosecutor's Office filed a renewed motion to dismiss on behalf of Yager. Doc. 42. On September 11, 2019, the trial court found that Messenger's complaint, in fact, stated a claim for conversion; that the applicable statute of limitations for this alleged tort had run; and that this cause of action was, therefore, barred. Doc. 71. For this reason, the trial court granted the Prosecutor's Office's renewed motion to dismiss the claim against Yager. Doc. 70, 71.

{¶8} The appellant filed his notice of appeal on October 7, 2019. Doc. 73. On appeal, Messenger raises the following assignments of error:

**First Assignment of Error**

**State of Ohio, Marion County Prosecutor's Office, & the Prosecutor—Brent W. Yager, or Prosecutor—Raymond A. Grogan, Jr. & Marion County Law Director's Office, & Assistant Law Director—Jason D. Warner, abused discretion and lack of subject matter jurisdiction, & due process, & without an order, or the benefit of an evidentiary hearing, etc.**

**Second Assignment of Error**

**Court judge abused its discretion and erred to the prejudice, bias to preconceived opinion; erred in correcting an statute violation of another judge's conclusion of law, of judgment entry.**

*First Assignment of Error*

{¶9} In his first assignment of error, Messenger appears to assert that the trial court erred in dismissing his complaint against the Marion County Prosecutor's Office, the Law Director's Office, Warner, and Yager. He also makes several arguments against his criminal conviction.

Legal Standard

{¶10} Civ.R. 3(A) governs the initiation of a cause of action and reads, in its relevant part, as follows:

> **[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C) * * *.**

Civ.R. 3(A). Thus, if a plaintiff fails to obtain service within one year of filing a complaint, then no action is commenced pursuant to Civ.R. 3(A). *Maryhew v. Yova*, 11 Ohio St.3d 154, 159, 464 N.E.2d 538, 541 (1984).

{¶11} Service is an essential component of commencing an action under Civ.R. 3(A) because this is the process through which a court with venue and subject matter jurisdiction "asserts jurisdiction over the person of the party served." *During v. Quoico*, 2012-Ohio-2990, 973 N.E.2d 838, ¶ 25 (10th Dist.), quoting *Mississippi*

*Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45, 66 S.Ct. 242, 90 L.Ed. 185 (1946). Personal jurisdiction represents "[a] court's power to bring a person into its adjudicative process * * *." *Renacci v. Evans*, 9th Dist. Medina No. 09CA0004-M, 2009-Ohio-5154, ¶ 6, quoting Black's Law Dictionary 870 (8th Ed.2004).

{¶12} Thus, "[a] trial court lacks jurisdiction to render a judgment against a defendant if effective service of process has not been made on the defendant and the defendant has not appeared in the case or waived service." *Bowling v. Grange Mut. Cas. Co.*, 10th Dist. Franklin No. 05AP-51, 2005-Ohio-5924, ¶ 27. "Inaction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service." *Maryhew, supra*, at 157.

{¶13} A cause of "action may be dismissed when service of process has not been obtained after the passage of more than one year." *Id.* at 157. In determining whether the trial court has personal jurisdiction over a defendant, matters outside of the complaint may be considered. *Price v. Wheeling Dollar Sav. & Trust Co.*, 9 Ohio App.3d 315, 460 N.E.2d 264, first paragraph of the syllabus (10th Dist.) (holding that a trial court may examine evidentiary materials outside of the complaint when determining whether to grant a motion to dismiss for lack of personal jurisdiction).

{¶14} "In ruling on a motion to dismiss, pursuant to Civ.R. 12(B), a trial court must determine whether the complaint alleges any cause of action cognizable

in the forum * * *." *State ex rel. Atty. Gen. v. Grand Tobacco*, 171 Ohio App.3d 551, 2007-Ohio-418, 871 N.E.2d 1255, ¶ 13 (10th Dist.). On appeal, "review of a trial court's ruling on a motion to dismiss is de novo and, while we need not defer to the trial court's findings, we must, like the trial court, construe the factual allegations in the complaint and all reasonable inferences therefrom in favor of the nonmovant." *Shevin v. Pathi*, 3d Dist. Seneca No. 13-02-20, 2002-Ohio-4457, ¶ 6.

Legal Analysis

{¶15} In our analysis of this assignment of error, we will first consider the final judgment under which Yager was dismissed from this cause of action. We will then briefly consider the interlocutory orders under which Warner, the Prosecutor's Office, and the Law Director's Office were dismissed. This analysis will conclude with an examination of whether the trial court erred in dismissing the claims that Messenger raises against his criminal conviction on appeal.

{¶16} In this case, Yager was the only named party in this cause of action at the time that the trial court dismissed Messenger's complaint. The record indicates that Messenger attempted and perfected service on the Prosecutor's Office, the Law Director's Office, and Warner. Doc. 14, 15. However, there is no evidence in the record that Messenger even attempted service on Yager within one year of filing his complaint. Further, since Yager was deceased at the time that Messeger filed his complaint, Yager could not have been served in the year following the filing of Messenger's complaint, as is required to commence an action under Civ.R. 3(A).

{¶17} Given the impossibility of serving a deceased individual within one year of filing a complaint against him, no action could be successfully commenced against Yager personally pursuant to Civ.R. 3(A). *See Weathers v. Carter*, 2d Dist. Montgomery No. 18598, 2001 WL 395389, *2 (Apr. 20, 2001) (holding that an action cannot be commenced, as contemplated by Civ.R. 3(A), against a deceased defendant because a deceased defendant cannot be served). Further, since Yager was deceased, he could not have waived service of process or submit, by appearance, to the trial court's jurisdiction. Thus, as service of process was never attempted on Yager within one year of the filing of Messenger's complaint, the trial court should have dismissed this cause of action.

{¶18} Even if Messenger had attempted service on Yager, he still would not prevail because his complaint was filed after the statute of limitations had run. The fact that Yager was deceased at the time that Messenger filed his complaint does not, by itself, render this suit a nullity as to Yager. "[A] complaint filed against a deceased party is not a nullity, because the complaint may be amended to name the real party in interest." *CitiMortgage, Inc. v. Bumphus*, 197 Ohio App.3d 68, 2011-Ohio-4858, 966 N.E.2d 278 (6th Dist.). Thus, upon learning of Yager's death, Messenger could have sought to name an appropriate defendant in Yager's place. The Supreme Court of Ohio set forth the requirements for amending a complaint filed against a deceased defendant in *Baker v. McKnight*, 4 Ohio St.3d 125, 447 N.E.2d 104 (1983).

{¶19} In *Baker*, a plaintiff filed a suit but was unaware that the named defendant had already died. The Supreme Court found that this situation represented a "misnomer of party," finding that the plaintiff "[e]ssentially * * * sued an entity * * * by the wrong name." *Id*. at 129. The Supreme Court then held that

> **[w]here the requirements of Civ.R. 15(C) for relation back are met, an otherwise timely complaint in negligence which designates as a sole defendant one who dies after the cause of action accrued but before the complaint was filed *has met the requirements of the applicable statute of limitations* and commenced an action pursuant to Civ.R. 3(A), and such complaint may be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, when service on the administrator is obtained within the one-year, post-filing period provided for in Civ.R. 3(A).**

(Emphasis added.) *Id*. at syllabus. However, for the rule in *Baker* to apply, the plaintiff must have filed a complaint after the named defendant has died[1] but *before* the statute of limitations for the relevant cause of action has run. *Id*.

{¶20} In the case before this Court, there is no indication that Messenger was aware of Yager's death at the time that Messenger filed his complaint. However, for the rule in *Baker* to have given Messenger an opportunity to substitute Yager with an existing entity, he had to have filed his complaint within the relevant statute of limitations. *Baker* at 129. *See Sorrell v. Estate of Datko*, 147 Ohio App.3d 319,

---

[1] If the defendant dies after the action has been initiated, then Civ.R. 25 applies. *See Greenberg v. Heyman-Silbiger*, 2017-Ohio-515, 78 N.E.3d 912, ¶ 32 (10th Dist.) (finding that Civ.R. 25 operates to allow substitution where that the defendant was living at the time that the action was filed and died subsequently).

770 N.E.2d 608, ¶ 23-25 (7th Dist.) (addressing whether a plaintiff's demand for service is moot where the estate of the deceased defendant no longer exists).

**{¶21}** A motion to dismiss may be granted if the complaint, on its face, shows that the claim is barred by the statute of limitations. *Faber v. Seneca County Sheriff's Dept.*, 2018-Ohio-786, 108 N.E.3d 213, ¶ 7 (3d Dist.).

> **In determining which statute of limitations should be applied to a particular cause of action, [the Ohio Supreme Court] has held that '* * * courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors[;] the form is immaterial.' *Hambleton v. R.G. Barry Corp.* * * *, 12 Ohio St.3d 179, 183, 12 OBR 246, 249, 465 N.E.2d 1298, 1302 [(1984)].**

*Lawyers Cooperative Publishing Co. v. Muething*, 65 Ohio St.3d 273, 276, 603 N.E.2d 969, 973 (1992).

**{¶22}** In his complaint, Messenger alleged that Yager wrongfully took $3,536.00 that belonged to him (Messenger). Doc. 1. After reviewing Messenger's filings, the trial court determined that this was, in essence, a conversion claim.[2] *See Joyce v. General Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 175 (1990) (holding "that conversion is the wrongful exercise of dominion over property to the

---

[2] Messenger asserted that Ohio's criminal forfeiture laws applied to the facts of this case. Doc. 1. However, there is no evidence in the record that these funds were seized pursuant to these forfeiture laws or even retained as evidence. *See* Doc. 1. These funds appear to have been in the possession of the police for safekeeping because the funds were on Messenger's person at the time that he was arrested. Doc. 1, Thus, the trial court determined that this action was for conversion and that these funds were not subject to Ohio's criminal forfeiture provisions. Doc. 71.

exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights.").

{¶23} Under R.C. 2305.09(B), conversion claims are subject to a four-year statute of limitations. R.C. 2305.09(B). *See Smith v. Asbell*, 4th Dist. Scioto No. 03CA2897, 2005-Ohio-2310, ¶ 41. Since Messenger did not discover that the police released his funds until January 24, 2012, he had until January 24, 2016 to file a claim for conversion. However, he did not file this complaint until March 6, 2018. Doc. 1. Thus, the statute of limitations for Messenger's claim had expired by the time that he filed his complaint, barring this action. For this reason, the rule in *Baker* still would not have afforded Messenger the opportunity to amend his complaint and substitute a real party in interest for Yager.

{¶24} Even if Messenger had filed his complaint before the statute of limitations had run, he would still not prevail because he did not, even after he had notice of Yager's death, seek to substitute or obtain service on an existing entity in place of Yager within one year of filing his complaint. While Messenger's initial complaint was not a nullity under *Baker*, his complaint still "did not suffice to commence the action under Civ.R. 3(A)." *Molette v. Portsmouth City Council*, 179 Ohio App.3d 455, 2008-Ohio-6342, 902 N.E.2d 515, ¶ 40 (4th Dist.). "[I]n order for the action to be deemed timely commenced," Messenger still "had to serve the property party * * * within the one-year limitation period of Civ.R. 3(A) * * *." *Id*.

{¶25} While the record does not indicate that Messenger was aware that Yager had passed away at the time that the complaint was filed, the Prosecutor's Office made at least two filings that stated Yager was deceased within one year of the filing of Messenger's complaint. Doc. 33, 42. However, Messenger never sought to amend his complaint to name an existing entity in place of Yager and never sought service of process on that existing entity within one year of filing his complaint. *See Lake Ski I-80, Inc. v. Habowski*, 2015-Ohio-5535, 57 N.E.3d 215, ¶ (11th Dist.) (holding that "a deceased individual cannot be a party to an action" "[b]ecause 'actual or legal' existence * * * [is a] condition[] precedent for being sued * * *."). For this reason, Messenger's action against Yager still would have failed even if his complaint had been filed within the applicable statute of limitations.

{¶26} In the caption of his first assignment of error, Messenger also mentions the Prosecutor's Office, the Law Director's Office, and Warner. However, in the text of his argument, he does not cite to any case law or make any arguments that suggest that the trial court erred in dismissing these parties from this action. Under App.R. 16(A), an appellant must include, in his or her brief, "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review" and "citations to the authorities, statutes, and parts of the records on which appellant relies." App.R. 16(A)(7). If an appellant does not comply with the requirements of App.R. 16(A)(7), a court of appeals may disregard

the assignment of error. *Mousa v. Saad*, 2017-Ohio-7116, 95 N.E.3d 941, ¶ 46 (3d Dist.), citing *Home S. & L. Co. of Youngstown v. Avery Place, L.L.C.*, 10th Dist. Franklin Nos. 11AP-1152, 11AP-1153, 2012-Ohio-6255, ¶ 12.

**{¶27}** Nonetheless, we have considered the facts surrounding the trial court's dismissal of these parties. The trial court granted Warner's motion to dismiss on the grounds that the claims against Warner were barred by the applicable statute of limitations. Doc. 29. Similarly, the trial court determined that the Prosecutor's Office and the Law Director's Office were correct in asserting that the claims against them had previously been litigated in Case No. 2013-CV-473 and that sovereign immunity barred these claims. Doc. 12, 17, 20. After reviewing the evidence in the record, we do not find any indication that the trial court erred in its ultimate disposition of these issues.

**{¶28}** In his brief, Messenger also makes a number of arguments that challenge his criminal conviction. Messenger, however, has already challenged his conviction on direct appeal following his trial. *See State v. Messenger*, 3d Dist. Marion No. 9-11-40, 2012-Ohio-2692, ¶ 1. Some of these arguments were not raised in his 2018 filing before the trial court. Doc. 1. "It is well settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal." *Gentile v. Ristas*, 160 Ohio App.3d 765, 2005-Ohio-2197, 828 N.E.2d 1021, ¶ 74 (10th Dist.). We will not consider these arguments for the first time on appeal. Further, even if he had raised these arguments before the

trial court in his 2018 filing, all of these arguments could have been raised or should have been raised during his prior direct appeal from his criminal conviction. *State v. Williams*, 3d Dist. Crawford No. 3-17-05, 2017-Ohio-8022, ¶ 16. Thus, these arguments are barred by the doctrine of res judicata. *Id.*

{¶29} We turn now to the arguments that Messenger raised against his conviction before the trial court in his 2018 filing. In his complaint, Messenger requested a declaratory judgment against his criminal conviction. Doc. 1. The trial court determined that Messenger should have brought a challenge to his criminal conviction through a petition for postconviction relief or by direct appeal. Doc. 20. *See Stamper v. State*, 3d Dist. Wyandot No. 16-01-12, 2001 WL 1545488, *2 (Dec. 5, 2001). Thus, the trial court found that the declaratory judgment that he sought in this civil action was not the proper method to challenge his criminal conviction. Doc. 20. The trial court then dismissed the claims against his prior conviction. Doc. 20. After reviewing the evidence in the record, we do not find any indication that the trial court erred in making this determination. Further, as the trial court noted, these arguments could have been raised or should have been raised during his prior direct appeal from his criminal conviction. *Williams, supra*, at ¶ 16. Thus, these arguments are also barred by the doctrine of res judicata. *Id.*

{¶30} For these reasons set forth in this analysis, we conclude that the trial court did not err in dismissing Messenger's complaint. Thus, Messenger's first assignment of error is overruled.

*Second Assignment of Error*

**{¶31}** Messenger asserts that the judge in his case had a preconceived bias against him. He also argues that the trial court erred in concluding that his complaint presents a conversion claim against Yager and not a claim under Chapter 2981 of the Ohio Revised Code.

Legal Standard

**{¶32}** "Authority to pass upon the disqualification of a judge of the Court of Common Pleas is vested in the Chief Justice under Section 5(C) of Article IV of the Ohio Constitution * * *." *Beer v. Griffith*, 54 Ohio St.2d 775, 377 N.E.2d 775 (1978). For this reason, a court of appeals does not have the "authority to pass upon disqualification or to void the judgment of the trial court upon that basis." *Id.* "[A] court of appeals lacks jurisdiction to review [recusal] decisions." *State ex rel. Hough v. Saffold*, 131 Ohio St.3d 54, 2012-Ohio-28, 960 N.E.2d 451, ¶ 2.

Legal Analysis

**{¶33}** In this case, Messenger filed a motion that sought recusal or disqualification of the trial judge. Doc. 58. The Chief Justice of the Supreme Court of Ohio denied Messenger's affidavits of disqualification. Doc. 65. Messenger has already gone through the proper channels to argue for the recusal or disqualification of the trial judge assigned to his case. As a court of appeals, we do not have jurisdiction to review this decision. As such, the portion of his assignment of error

that alleges a claim of judicial bias is dismissed from this appeal. *Brown v. Schmidt*, 4th Dist. Ross No. 15CA3523, 2016-Ohio-2864, ¶ 18.

{¶34} Further, appellate review required that we conduct a de novo review of the trial court's decision to dismiss Messenger's complaint. Thus, this Court was not bound to give deference to the determination of the trial judge. Nonetheless, our independent review led us to conclude that it was not error to dismiss Messenger's complaint. Thus, even if the trial judge had been biased, Messenger is still not able to demonstrate that this bias ultimately prejudiced him. Finally, the arguments that Messenger raises regarding the applicability of Chapter 2981 of the Ohio Revised Code are moot because we have already affirmed the decision of the trial court to dismiss his complaint under his first assignment of error. For these reasons, his second assignment of error is overruled.

*Conclusion*

{¶35} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**