[Cite as *State v. Upchurch*, 2021-Ohio-94.]

STATE OF OHIO            )           IN THE COURT OF APPEALS
                        )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA        )

STATE OF OHIO                        C.A. No.      20CA0001-M

    Appellee


    v.                               APPEAL FROM JUDGMENT
                                    ENTERED IN THE
STEVEN P. UPCHURCH                   WADSWORTH MUNICIPAL COURT
                                    COUNTY OF MEDINA, OHIO
    Appellant                    CASE No.      19TRD03977-A

DECISION AND JOURNAL ENTRY

Dated: January 19, 2021

---

CALLAHAN, Presiding Judge.

{¶1}     Appellant, Steven Upchurch, appeals his conviction for speeding by the Wadsworth Municipal Court. This Court affirms.

I.

{¶2}     Mr. Upchurch received a traffic ticket for driving sixty miles per hour in an area with a speed limit of thirty-five miles per hour in violation of R.C. 4511.21(D)(1). Mr. Upchurch requested a continuance of his initial appearance, arguing that the appearance date was not legible on the copy of the traffic ticket that he received. The trial court granted the motion, and Mr. Upchurch pleaded not guilty. During a bench trial, Mr. Upchurch, who appeared pro se, challenged the trial court's exercise of "personal jurisdiction," arguing that the trial court could not exercise jurisdiction over him because he did not reside within the territorial jurisdiction of the trial court.

{¶3}     The trial court found Mr. Upchurch guilty of speeding and fined him $130. Mr. Upchurch filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

DEFECT IN THE INSTITUTION OF PROCESS : THE TRAFFIC CITATION ITSELF IS ERRORED [*SIC*].  I HAD TO INVESTIGATE TO FIND BOTH TIME AND PLACE CONCERNING SUMMONS FOR ARRAIGNMENT.

**ASSIGNMENT OF ERROR NO. 2**

FURTHER DEFECT IN INSTITUTION OF PROCESS : UPON CHALLENGING THE [TRIAL] COURT TO PROVE IN PERSONAM JURISDICTION (AT ARRAIGNMENT), THE [TRIAL COURT] ASSUMES AND ASSERTS JURIS[DICTION] IN LIEU OF THE PROSECUTOR[']S BURDEN OF PROOF. WHICH I BELIEVE WAS NOT MET ON [THE] RECORD.

{¶4}　In his first and second assignments of error, Mr. Upchurch appears to argue that the trial court lacked personal jurisdiction.  Because these two assignments of error address related issues, this Court will consider them together.

{¶5}　Personal jurisdiction consists of "'[a] court's power to bring a person into its adjudicative process[.]" *Renacci v. Evans*, 9th Dist. Medina No. 09CA0004-M, 2009-Ohio-5154, ¶ 6, quoting Black's Law Dictionary 870 (8th Ed.2004).  In civil cases, a court with subject matter jurisdiction where venue is appropriate has personal jurisdiction over the parties when an action is commenced in accordance with Civ.R. 3(A).  *See Messenger v. State*, 3d Dist. Marion No. 9-19-62, 2020-Ohio-851, ¶ 11-12.  Similarly, a trial court's jurisdiction in a criminal case is invoked by the filing of a complaint pursuant to Crim.R. 3.  *State v. Mbodji*, 129 Ohio. St.3d 325, 2011-Ohio-2880, ¶ 14, 19.  In traffic cases, the Ohio Uniform Traffic Ticket constitutes the complaint and summons, service of which commences the action and vests personal jurisdiction over the defendant.  *State v. Eytcheson*, 2d Dist. Montgomery No. 27650, 2018-Ohio-2036, ¶ 67-68, quoting *State v. Matthews*, 2d Dist. Greene No. 2015-CA-73, 2016-Ohio-5055, ¶ 4 and *State v. Eberhart*, 2d Dist. Montgomery Nos. 26045, 26046, 2014-Ohio-3259, ¶ 6.

{¶6} Traf.R. 11(B)(1)(a) provides that "[d]efenses and objections based on defects in the institution of the prosecution" must be raised by motion before plea or trial. *Compare* Crim.R. 12(C)(1). Failure to do so constitutes waiver of the objection. Traf.R. 11(F). *Compare* Crim.R. 12(H). Mr. Upchurch did not move pursuant to Traf.R. 11(C) to dismiss the complaint against him based on a defect in the institution of the prosecution. He did move for a continuance, arguing that the copy of the ticket that was served upon him did not clearly indicate where and when his initial appearance was scheduled. To the extent that this could be considered an objection under Traf.R. 11(F), this Court notes that the original traffic ticket, which constitutes the court record pursuant to Traf.R. 3, is clearly legible. It is written in bold ink and sets forth all the information regarding the offense with which he was charged and the time and date of his initial appearance. The officer testified that he served the citation upon Mr. Upchurch at the scene of the stop.

{¶7} Mr. Upchurch provided a copy of a ticket with his motion for a continuance. That copy does not appear to be faint, but completely blank with the exception of the ticket number and Mr. Upchurch's signature, which appears in a slightly different location than on the original copy. Mr. Upchurch did not argue that he was not served with the ticket or that, based on the ticket, he was unaware of the offense with which he was charged, nor did he present any evidence to that effect. Service of the traffic ticket at the scene was sufficient to vest the trial court with personal jurisdiction. *See Eytcheson* at ¶ 68. *Compare State v. Mattingly*, 9th Dist. Wayne No. 98CA0035, 1999 WL 1068454, *3 (Nov. 24, 1999).

{¶8} Mr. Upchurch has also argued—as he argued before his trial commenced—that the trial court lacked personal jurisdiction over him because he is a resident of Lorain County and had no contacts within Medina County apart from driving through the jurisdiction. This argument does not relate to whether the trial court had personal jurisdiction over Mr. Upchurch because in a

criminal case, a court's acquisition of personal jurisdiction does not depend on the defendant's residence. *See Johnson v. Geauga Cty. Court of Common Pleas*, 11th Dist. Geauga No. 2014-G-3206, 2015-Ohio-210, ¶ 11, citing *Pishok v. Kelly*, 11th Dist. Trumbull No. 2008-T-0093, 2009-Ohio-287, ¶ 15.

{¶9} Mr. Upchurch's first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR NO. 3

SHOULD THE TRIAL COURT HAVE IN PERSONAM JURISDICTION[,] CONVICTION CANNOT HOLD. MANIFEST WEIGHT OF [THE] EV[I]DENCE FALLS SHORT OF PROSECUTION['S] BURDEN OF PROOF. NO HARD EVIDENCES WERE SHOWN… WHILE WELL ESTABLISHED REASONABLE DOUBT WAS SHOWN.

{¶10} Mr. Upchurch's third assignment of error is that his conviction for speeding is against the manifest weight of the evidence. This Court does not agree.

{¶11} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶12} R.C. 4511.21(D)(1) provides:

> No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway * * * [a]t a speed exceeding fifty-five miles per hour, except upon a two-lane state route as provided in division (B)(10) of this section and upon a highway, expressway, or freeway as provided in divisions (B)(12), (13), (14), and (16) of this section[.]

A driver cannot be convicted of speeding based solely upon "a peace officer's unaided visual estimation of the speed of a motor vehicle," but testimony related to an officer's visual estimation can be offered in support of a speeding charge. *See* R.C. 4511.091(C)(1). *See also State v. Helke*, 2d Dist. Montgomery No. 26672, 2015-Ohio-4402, ¶ 17.

{¶13} In this case, the officer testified that on the morning of December 6, 2019, he parked his cruiser at a Lodi intersection when schoolchildren were getting on their school bus, as was his pattern. He recalled that he had just arrived at the location when he observed a flatbed truck "coming through the town at 60 miles an hour" as measured on his radar. The officer testified that he waited until he was certain that no children were crossing the street, then initiated a traffic stop. He also testified that he was trained to visually estimate the speed of motor vehicles and that he was able on this occasion to determine that Mr. Upchurch was driving in excess of the posted speed limit of thirty-five miles per hour. With respect to the radar unit, the officer testified that he had been trained to operate the radar unit and that he operated it on that occasion within the parameters of his department's policies. The officer also identified the model of the radar unit that he used and explained that it had been serviced and calibrated in August of the same year.

{¶14} The officer testified that it is his practice to check the radar device using tuning forks each morning when he arrives at the location of the stop, but he explained that he did not do so on the day of this incident because he observed Mr. Upchurch's vehicle as soon as he arrived at the intersection. According to the officer, he turned on the radar unit and obtained the vehicle's speed before he had a chance to check the unit. The officer explained that his department does not have a policy requiring daily checks of the radar device, but noted that it is his practice nonetheless. He testified that on his workdays immediately before and after the date of this incident, the radar unit was accurate.

{¶15} The speeding charge against Mr. Upchurch was not based solely upon the officer's visual estimation of speed. When a charge of speeding is based on a radar reading, however, the State must demonstrate that "(1) the radar device used was accepted as dependable for that purpose; (2) the particular unit used was in good working order; and (3) the officer who operated the unit was qualified to do so." *State v. Wilson*, 9th Dist. Lorain No. 95CA006285, 1996 WL 668993, *1 (Nov. 20, 1996), citing *East Cleveland v. Ferell*, 168 Ohio St. 298, 301 (1958). In this regard, we note that Mr. Upchurch did not challenge the admissibility of the officer's testimony regarding the radar readings on the basis that the State failed to demonstrate that the unit was in good working order. This Court declines to consider that issue in the first instance, and we take no position on the question of whether daily testing is required to demonstrate that a radar unit is in good working order.

{¶16} Mr. Upchurch's conviction for speeding is not against the manifest weight of the evidence. His third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 4

I'D MOTIONED THE COURT FOR A DISCOVERY OF [EVIDENCE].
PURSUANT TO A PRETRIAL CONFERENCE… I HAVE SPECULATIVE
REASON TO BELIEVE EXCULPATORY [EVIDENCE WAS] WITHHELD. I
BELIEVE I MAY HAVE BEEN "SANDBAGGED" WITH [EVIDENCE] [AND]
LACK THEREOF, LAST MINUTE.

{¶17} In his fourth assignment of error, Mr. Upchurch argues that his conviction must be reversed because certain evidence was not provided to him, including records of the officer's daily radar testing and dashboard camera video of the incident. Mr. Upchurch acknowledges that the argument in support of this assignment of error is based on speculation. At best, this Court notes that it relies on evidence outside the record that may or may not exist. As such, these arguments cannot be raised in a direct appeal. *See State v. Walter*, 9th Dist. Wayne Nos. 16AP0009,

16AP0010, 2017-Ohio-236, ¶ 19, citing *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4-5.

{¶18} Mr. Upchurch's fourth assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 5**

THE [TRIAL] COURT ENUMERATED NO [RIGHTS], NOT EVEN APPELLATE [RIGHTS].

{¶19} Mr. Upchurch has articulated a fifth assignment of error that appears to assert that the trial court did not inform him of any of his rights. His brief contains no argument in support of this assignment of error, and this Court declines to construct an argument on his behalf. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

III.

{¶20} Mr. Upchurch's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

STEVEN P. UPCHURCH, pro se, Appellant.

THOMAS J. MORRIS, Director of Law, for Appellee.